UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EDWIN A. ROSADO,

                              Petitioner,

            v.                                        9:07-CV-1134
                                                      (TJM/GHL)

DALE ARTUS,

                              Respondent.

_____

APPEARANCES:                                          OF COUNSEL:

EDWIN A. ROSADO
03-A-5858
Petitioner, *pro se*
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

OFFICE OF THE ATTORNEY GENERAL              LEILANI J. RODRIGUEZ, ESQ.
   STATE OF NEW YORK                        Assistant Attorney General
Counsel for Respondent
120 Broadway
New York, New York 10271

GEORGE H. LOWE, United States Magistrate Judge

### **REPORT-RECOMMENDATION & ORDER**

Petitioner Edwin A. Rosado, *pro se*, a New York State prison inmate, has commenced

this proceeding pursuant to 28 U.S.C. § 2254, claiming that his conviction was the product

of various constitutional violations.  In his petition, Petitioner sets forth numerous grounds for

requesting *habeas* relief, including challenging certain evidentiary rulings of the trial court, the

sufficiency of the evidence against him, and the effectiveness of trial counsel.

In his answer to the petition, Respondent has argued that none of the grounds cited in the

petition provides a basis for granting habeas relief.  Based on the following, I recommend that the

petition be denied.

I.      **BACKGROUND**

On October 25, 2001, at approximately 10:00 p.m., in Albany, New York, Petitioner and

three other men abducted an eighteen-year-old women, forcing her into their vehicle.  Dkt. Nos. 8-

12, 8-13, 8-14.  The victim was robbed and shot numerous times in the head, neck, shoulder, and

chest.  *Id.*  She suffered a fractured skull, shoulder, and jaw; a ruptured eyeball; and collapsed lungs.

*Id.*  She was instantly blinded.  *Id.*  Following a jury trial in Albany County Court, Petitioner was

found guilty of attempted murder in the second degree, kidnapping in the second degree, two counts

of robbery in the first degree, assault in the first degree, and criminal possession of a weapon.  *Id.*

Petitioner was sentenced, as a second felony offender, to serve an aggregate prison term of forty

years.

A.      **State Court Proceedings**

On direct appeal, Petitioner argued the following: (1) the evidence was insufficient to

support the convictions and the verdict was against the weight of the evidence; (2) the evidence was

legally insufficient to establish that the kidnapping was separate from the other charged crimes; (3)

the trial court erred by allowing the prosecutor to elicit testimony regarding whether Petitioner could

have prevented the robbery and shooting; (4) the trial court improperly admitted a gun and

ammunition into evidence; (5) the sentence was improperly calculated; and (6) the sentence was

unduly harsh and severe.  Ex. A.

The Appellate Division, Third Department, affirmed Petitioner's convictions.  *People v.*

*Rosado*, 26 A.D.3d 532 (N.Y. App. Div. 2006).  The Court of Appeals denied Petitioner leave to

appeal.  7 N.Y.3D 762 (2006).

Petitioner then filed a motion to set aside his sentence, pursuant to New York Criminal

Procedure Law ("C.P.L.") § 440.10, on the grounds that (1) flight evidence should not have been presented or, alternatively, the court should have provided *sua sponte* a "flight [jury] instruction;" (2) character evidence was improperly admitted; (3) accomplice testimony was insufficiently corroborated; (4) evidence was legally insufficient to sustain the robbery conviction; (5) the sentence imposed is unduly harsh and excessive; and (6) trial counsel rendered ineffective assistance of counsel.  Ex. G.

The Supreme Court, Albany County, denied the motion.  Ex. I.  Petitioner sought leave to appeal to the Appellate Division.  Ex. J.  The leave application was denied.  Ex. K.

### B.     Proceedings in this Court

In his current petition, Petitioner asserts eleven grounds in support of his petition for *habeas corpus* relief.  Dkt. No. 1.  Petitioner claims: (1) the evidence was insufficient to support the convictions; (2) the evidence was legally insufficient to establish that the kidnapping was separate from the other charged crimes; (3) the trial court erred by allowing the prosecutor to elicit testimony regarding whether Petitioner could have prevented the robbery and shooting; (4) the trial court erred by admitting a gun and ammunition into evidence; (5) the trial court improperly calculated the sentence; (6) the sentence is unduly harsh and excessive; (7) the trial court improperly admitted evidence of flight without a limiting jury instruction; (8) the trial court improperly admitted evidence of Petitioner's gang affiliation; (9) the trial court improperly admitted uncorroborated testimony of an accomplice; (10) the sentence amounts to cruel and unusual punishment; and (11) Petitioner was denied the effective assistance of trial counsel.  *Id.*

Respondent, represented by the New York State Attorney General, submitted an answer, memorandum of law, and state court records.  Dkt. Nos. 6-8.  In response, Petitioner filed a reply.

Dkt. No. 13.

The petition, which is now fully briefed and ripe for determination, has been referred to me

for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b) and Northern

District of New York Local Rule 72.3(c). *See also* Fed. R. Civ. P. 72(b).  For the reasons which

follow, I recommend that the petition be denied.

## II.  DISCUSSION

**A.**      **Exhausted Claims**

**1.**      **Standard of review**

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") brought

about significant new limitations on the power of a federal court to grant habeas relief to a state

prisoner under 28 U.S.C. § 2254.  In discussing this deferential standard, the Second Circuit noted

in *Rodriguez v. Miller*, 439 F.3d 68 (2d Cir. 2006), that

> a federal court may award habeas corpus relief with respect to a claim adjudicated on
> the merits in state court only if the adjudication resulted in an outcome that: (1) was
> "contrary to, or involved an unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United States"; or (2) was "based on
> an unreasonable determination of the facts in light of the evidence presented in the
> State court proceeding."

*Id.* at 73 (quoting 28 U.S.C. § 2254(d)) (footnote omitted);[1] *see also DeBerry v. Portuondo*, 403

F.3d 57, 66 (2d Cir. 2005); *Miranda v. Bennett*, 322 F.3d 171, 177-78 (2d Cir. 2003); *Boyette v.*

*LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001).

In providing guidance concerning application of this test, the Second Circuit has observed

---

[1] It should be noted that "clearly established federal law" in this context "refers only to the
holdings of the Supreme Court."  *Rodriguez v. Miller*, 537 F.3d 102, 106 (2d Cir. 2008) (citing
*Williams*, 529 U.S. at 412, 120 S. Ct. 1495).

4

that

> a state court's decision is "contrary to" clearly established federal law if it contradicts
> Supreme Court precedent on the application of a legal rule, or addresses a set of facts
> "materially indistinguishable" from a Supreme Court decision but nevertheless comes
> to a different conclusion than the Court did.  [*Williams v. Taylor*, 529 U.S. 362] at
> 405-06, 120 S. Ct. 1495 [(2000)]; *Loliscio v. Goord*, 263 F.3d 178, 184 (2d Cir.
> 2001) . . . . [A] state court's decision is an "unreasonable application of" clearly
> established federal law if the state court "identifies the correct governing legal
> principle from [the Supreme] Court's decisions but unreasonably applies that
> principle to the facts" of the case before it.  *Williams*, 529 U.S. at 413, 120 S. Ct.
> 1495.

*Thibodeau v. Portuondo*, 486 F.3d 61, 65 (2d Cir. 2007); *see also Williams v. Artuz*, 237 F.3d 147,

152 (2d Cir. 2001) (citing *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

Significantly, a federal court engaged in habeas review is not charged with determining

whether the state court's determination was merely incorrect or erroneous, but instead whether such

determination was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000); *see*

*also Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001) (citation omitted).  Objectively

unreasonable in this context has been interpreted as meaning that "'some increment of incorrectness

beyond error'" is required for the habeas court to properly grant the application.  *Earley v. Murray*,

451 F.3d 71, 74 (2d Cir. 2006) (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)).

### 2.      Review of Claims - Sufficiency of the Evidence

Petitioner argues that there was insufficient evidence to prove his guilt beyond a reasonable

doubt. Dkt. No. 1 at 2, 7.  Specifically, he claims that aside from the conflicting testimonies of the

People's witnesses, there was no evidence showing (1) that the gun was visible when the victim was

brought "allegedly by force" to the vehicle; (2) that he planned, or intended to assist in, the

kidnapping and assault of the victim; and (3) that Petitioner had dominion over the gun that was

used.  *Id.*  Petitioner also claims that the shooting was a spontaneous act and that "no one in the vehicle believed that [the victim was going to be shot]."  *Id.* at 7.

Respondent argues that the Appellate Division correctly rejected these claims.  Dkt. No. 6 at 14-18.  Respondent also argues that the evidence at trial overwhelmingly established Petitioner's guilt.  *Id.*

The Appellate Division rejected Petitioner's arguments as follows:

> We . . . reject defendant's claim that the evidence adduced at trial was legally insufficient to support his guilt as an accomplice of each of the charged crimes. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 (1983)), we find that it was legally sufficient to establish that defendant acted in concert with, and intentionally aided, Polanco, Estrella and Kearney with the requisite mental state (*see* Penal Law § 20.00; *People v Whatley*, 69 NY2d 784, 785 (1987)).

*Rosado*, 26 A.D. at 533.

A petitioner who challenges a conviction on the sufficiency of the evidence bears a "very heavy burden."  *United States v. Quattrone*, 441 F.3d 153, 169 (2d Cir. 2006); *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002).  The Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crimes with which he is charged.  *See Fiore v. White*, 531 U.S. 225, 228-29 (2001)(per curiam); *Jackson v. Virginia*, 443 U.S. 307, 315 (1979).  A *habeas* petitioner claiming that there was insufficient evidence supporting a conviction is thus entitled to relief under 28 U.S.C. § 2254 only if "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."  *Jackson*, 443 U.S. at 324; *see Schlup v. Delo*, 513 U.S. 298, 323 n.38 (1995).  This inquiry "does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational

6

decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993)(emphasis in original). The *habeas* court is required to consider the evidence in the light most favorable to the prosecution, and draw all inferences in its favor. *Jackson*, 443 U.S. at 319.

Petitioner's guilt of these crimes was proven through a theory of accomplice liability. A person is criminally liable for the conduct of another when that person acts with the mental culpability required for the commission of the crime and either "solicits, requests, commands, importunes, or intentionally aids" the actor in the commission of the crime. *See* Penal Law § 20.00. To prove Petitioner's guilt of the top count of Attempted Murder in the Second Degree, the People were required to prove that Petitioner aided in the attempt to cause the death of the victim. Penal Law §§ 110/125.25(1). To prove kidnapping, the People were required to prove that Petitioner aided in the abduction of the victim. Penal Law § 135.20. To prove the two counts of Robbery in the First Degree and one count of Robbery in the Second Degree, the People were required to prove that Petitioner aided in the forcible stealing of property from the victim and in the course of doing so, was aided by another, and aided in causing physical injury with a dangerous instrument. Penal Law §§ 160.10(1), 160.15 (1) and (3). To prove the assault, the People were required to prove that Petitioner aided in causing serious physical injury by means of a deadly weapon. Penal Law § 120.10(1). To prove Criminal Use of a Firearm in the First Degree, the People were required to prove that Petitioner aided in the commission of a class "B" felony while displaying a pistol. Penal Law § 265.09.

As the Appellate Division found, there was sufficient evidence for a rational trier of fact to find that Petitioner shared the intent to commit all of the crimes of which he was convicted. Viewing the evidence in the light most favorable to the People, the testimony of the victim and

Estrella demonstrated that Petitioner drove the car used in the incident, suggested that the others obtain a gun, took them to a location at which there was a gun, and retrieved the gun.  TT[2] 307-09. Petitioner then drove to a location where the victim was robbed of her money by Estrella and shot several times by Polanco.  TT 224-33, 318-30.  The victim testified that Petitioner acted in a nonchalant manner throughout the kidnapping, that Petitioner could have stopped the shooting, and that Petitioner failed to offer any assistance to her.  TT 231-32, 286-87, 295, 371-75, 382, 399. Estrella testified that after the incident, Petitioner repeatedly asked him if he told anyone about what had transpired and showed Estrella another gun, which Petitioner described as "the next gun we going to use [sic]."  TT 333-37.  In a written statement, Petitioner admitted to driving the men and the victim, that the victim was threatened, and that he stopped the vehicle on the street where the victim was shot several times.  TT 496-501.

Based on the facts and circumstances of this case, a trier of fact could rationally find beyond a reasonable doubt that Petitioner was guilty of the charged crimes.  The Appellate Division did not act contrary to, or unreasonably apply, Supreme Court precedent in rejecting Petitioner's claim. Accordingly, the petition on this ground should be denied.

### 3.      Weight of the Evidence

Petitioner argues that the conviction was against the weight of the evidence.  Dkt. No. 1 at 3. However, "[w]eight of the evidence" review of a conviction is a product of New York state statute and therefore merely a state law issue.  *See* C.P.L. § 470.15; *Ward v. Herbert*, 509 F. Supp. 2d 253, 263 (W.D.N.Y. 2007) (citations omitted).  Because federal habeas corpus review is not available to remedy mere errors of state law, *see Estelle v. McGuire*, 502 U.S. 62, 67-69 (1991), no cognizable

---

[2]  "TT" refers to the trial transcript filed at docket numbers 8-12, 8-13, and 8-14.

federal issue is presented by a habeas claim challenging the weight of the evidence adduced at trial. *See Feliz v. Conway*, 378 F. Supp. 2d 425, 430 n.3 (S.D.N.Y. 2005) (citations omitted); *Glisson v. Mantello*, 287 F. Supp. 2d 414, 441 (S.D.N.Y. 2003) (citations omitted)).  Therefore, the Appellate Division's denial of this claim, *Rosado*, 26 A.D.3D at 533, is not cognizable on federal habeas corpus review.  Accordingly, this claim should be denied.

### 4.    Trial Court's Evidentiary Rulings

#### a.    Lay Witnesses' Testimony

Petitioner argues that the trial court improperly permitted lay witnesses to testify that Petitioner could have prevented the robbery and shooting of the victim.  Dkt. No. 1 at 11-13. Respondent argues that this issue is purely a matter of state evidentiary law; that the state court's ruling was proper; and that even if the ruling was erroneous, the claim does not rise to the level of a constitutional violation.  Dkt. No. 6 at 22-24.

On direct appeal, Petitioner raised the same argument.  Ex. A at 26-31.  The Appellate Division rejected this argument without addressing the merits.  *Rosado*, 26 A.D.3D at 532-34.  This determination was not contrary to, or did not involve an unreasonable application of, clearly established Supreme Court law.

A state court's evidentiary rulings, even if erroneous under state law, generally do not present constitutional issues cognizable in a *habeas corpus* proceeding.  *See Crane v. Kentucky*, 476 U.S. 683, 689  (1986) ("We acknowledge ... our traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts.").  To prevail on a claim that an evidentiary error deprived a defendant of due process, a *habeas* petitioner must show that the error was so "extremely unfair" that it "violates 'fundamental notions of justice.'"  *Dowling v. United*

*States*, 493 U.S. 342, 352  (1990) (quoting *United States v. Lovasco*, 431 U.S. 783, 790 (1977);

*Collins v. Scully*, 755 F.2d 16, 19 (2d Cir. 1985) (evidence must be "crucial, critical, highly

significant") (internal quotation marks omitted); *Hughes v. Phillips*, 457 F. Supp. 2d 343, 367

(S.D.N.Y. 2006).

In New York, "[o]pinions of lay witnesses may be received in evidence when the

facts which constitute the opinion are incapable of description, the subject matter is one that does

not require expert knowledge, and the witness is qualified to give the opinion." *People v. Kenny*, 36

A.D.2d 477, 478 (3d Dept. 1971); *see also*, Prince, Richardson on Evidence § 7-201 (11th Ed.) (An

ordinary witness may "give an opinion on a question at issue whenever the facts involved are of

such a nature that they cannot be described so as to enable persons, not eye witnesses, to form

proper conclusions regarding them").

Here, in response to questions by the prosecutor, both the victim and Estrella testified that

Petitioner could have stopped the shooting.  TT at 287-88, 398-99.  The victim explained that

Petitioner was "bigger than all of them.  He [was] way bigger than all of them."  TT 287-88.

Similarly, Estrella testified that he nicknamed Petitioner "Diesel" because Petitioner was "strong"

and because of "the way [Petitioner was] built physically."  TT 302-03.  Estrella also testified that

Petitioner was "the oldest.  He [was] the only one that was related to [the shooter]. . . . He could

have [said,] '[J]ust give me my gun.  You ain't doing nothing.' [sic]  He could have stopped it.  If he

wanted to, he could have stopped it."  TT 399; *see also* TT 403-04.

In this case, the facts which constituted the opinions were incapable of description, the

subject matter is one that did not require expert knowledge, and the witnesses were qualified to give

the opinions.  Also, I note that Petitioner himself admits that "it is true that [ I ] could have spoke[n]

10

up at some point and asked [that the victim be released]."  Dkt. No. 13 (Reply) at 5.  Accordingly, the trial court committed no error in this regard.  Therefore, the petition on this ground should be denied.

### b.      Admission of gun and ammunition

Petitioner argued that the trial court improperly permitted the admission of a gun and ammunition because the prosecution allegedly failed to connect the gun and ammunition to the crimes.  Dkt. No. 1 at 13-15.  Respondent argues that this claim is purely a matter of state law; that the state courts properly rejected this claim; and that even if the claim was erroneously rejected, the claim does not rise to the level of a constitutional violation.  Dkt. No. 6 at 24-25.

On direct appeal, Petitioner raised the same argument.  Ex. A at 32-33.  The Appellate Division rejected this argument without addressing the merits.  *Rosado*, 26 A.D.3D at 532-34.  This determination was not contrary to, or did not involve an unreasonable application of, clearly established Supreme Court law.

In New York, it is well-established that evidence is relevant if it has any "tendency in reason to prove any material fact" and that all relevant evidence is admissible at trial unless admission violates some exclusionary rule.  *People v Lewis*, 69 N.Y.2d 321, 325 (N.Y. 1987) (citations omitted).  While generally not admissible, evidence of prior uncharged crimes may be received if it helps to establish some element of the crime under consideration or is relevant because of some recognized exception, such as proving (1) intent, (2) motive, (3) knowledge, (4) common scheme or plan, or (5) identity of the defendant.  *People v. Alvino*, 71 N.Y.2d 233, 241-242 (1987).  The court must balance the probative value of the evidence with the possibility of undue prejudice.  *Id.*

At trial, Estrella testified that after the victim was abducted, Petitioner showed him a gun

and ammunition and stated "'This is the next gun we going to use [sic].'"  TT 335-37.  The trial

court then instructed the jury as follows:

> Ladies and gentlemen it's only being offered not as to some further crimes but
> offered as to what was in the defendant's mind when he made that statement to this
> witness if you find that he actually made that statement.

TT 337.

The trial court later admitted the gun into evidence "because the jury's already seen it and . .

. any prejudice that would occur has already manifest[ed]."  TT 512.  The judge added, "I'll deal

with it in terms of some instructions to be given at the conclusion.  This is not offered to show any

propensity to commit any crimes at any point in the future but merely in relation to a statement

made which shows his intent."  *Id.*

The trial court also admitted the ammunition, explaining as follows:

> I've now admitted those weapons, those two magazines on the context of it being
> offered as a demonstration of what the defendant allegedly held in his hand when he
> made certain statements which the district attorney say are reflective of what was in
> his mind during this period of time that preceded.  They are not being offered - - they
> are not being received to demonstrate in any way, shape or form this defendant's
> propensity to commit a crime.
>
> I don't want you to consider it for that.  I want you to consider it only as a backdrop
> in terms of, if you find him to have handled this weapon and these magazines in
> relation to the statements he is alleged to have made while handling these weapons as
> testified to by Estrella.

TT 519.

Here, the gun and ammunition were critical to establish that Petitioner shared the mental

culpability and intentionally aided the perpetrators in committing these crimes.  The statement made

by Petitioner that "This is the next gun we going to use [sic]" established that Petitioner was in

agreement with the shooting of the victim and was preparing for a future criminal act.  This

statement was admissible because it went to Petitioner's state of mind and the gun was part and parcel of his statement.  Accordingly, the petition on this ground should be denied.

> **5.      Sentencing Claims**

Petitioner asserts three claims regarding his sentence.  First, he argues that the trial court improperly imposed consecutive sentences on the kidnapping and attempted murder counts without the jury specifically finding that those two crimes were "incidental to and inseparable from" each other.  Dkt. No. 1 at 15.  Second, Petitioner argues that the sentence of imprisonment is unduly harsh and severe in light of his criminal record.  *Id.* at 17-19.  Third, Petitioner argues that his sentence violated his right to be free of cruel and unusual punishment.  *Id.* at 27-28.

Respondent argues that these claims are not cognizable on habeas review because Petitioner's sentence was proper under New York law.  Dkt. No. 6 at 31-33.

The Eighth Amendment to the United States Constitution prohibits the imposition of a sentence that is "grossly disproportionate to the severity of the crime."  *Rummel v. Estelle*, 445 U.S. 263, 271 (1980). The United States Supreme Court has noted that "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare ... [O]ne could argue without fear of contradiction by any decision of this Court that for crimes concededly classified and classifiable as felonies ... the length of the sentence actually imposed is purely a matter of legislative prerogative."  *Rummel*, 445 U.S. at 272-274 (1989) (denying *habeas* relief to petitioner sentenced to life with the possibility of parole under Texas recidivist statute following third felony conviction for obtaining $120.75 by false pretenses).  In the *habeas* context, a sentence violates the Eighth Amendment only in "exceedingly rare" and "extreme" cases, and only then if it is 'grossly disproportionate' to the crime.  *Lockyer v. Andrade*,

538 U.S. 63, 72-73 (2003).  A sentence of imprisonment that is within the limits of a valid state

statute is not cruel and unusual punishment in the constitutional sense.  *See White*, 969 F.2d at 1383;

*Lou v. Mantello*, No. 98-CV5542, 2001 WL 1152817, at *13 (E.D.N.Y. Sept. 25, 2001); *see also*

*Richardson v. Artuz*, No. 97-CV-2128 (JG), 2004 WL 556688 at *22 (E.D.N.Y. Mar. 22, 2004)

(because a state prisoner's sentence fell within the range authorized by New York Penal Law, it

"does not qualify for consideration as excessive under the Eighth Amendment").

Here, Petitioner was convicted of Attempted Murder in the Second Degree (Penal Law §§

110/125.25(1)), Kidnapping in the Second Degree (Penal Law § 135.20), two counts of Robbery

in the First Degree (Penal Law §§ 160.15 (1) and (3)), Assault in the First Degree (Penal Law §

120.10(1)), Robbery in the Second Degree (Penal Law § 160.10(1)), Criminal Use of a Firearm in

the First Degree (Penal Law § 265.09), and Criminal Possession of a Weapon in the Third Degree

(Penal Law § 265.02(4)).  TT 806-11, A5-A5.1 (Dkt. No. 8-13 at 260-61).  Petitioner was

adjudicated as a second felony offender.  *See* Dkt. No. 8-14 at 402 (Sentencing Transcript at 11).  As

a result, under New York's sentencing scheme, on the attempted murder, kidnapping, first degree

robbery, assault, and criminal use of a weapon counts, Petitioner was subject to a determinate

sentence between eight to twenty-five years.  Penal Law § 70.06(6)(a).  On the second degree

robbery count, Petitioner was subject to a determinate sentence between five and fifteen years.  *Id.*

On the criminal possession of a weapon count, Petitioner was subject to a determinate sentence

between three and seven years.  *Id.*  The court sentenced him to serve twenty years imprisonment on

the attempted murder, kidnapping, first degree robbery, assault, and criminal use of a firearm

counts, fifteen years imprisonment on the second degree robbery count, and seven years on the

criminal possession of a weapon charge.  Dkt. No. 8-14 at 408-11 (Sentencing Transcript at 17-19).

14

Further, the attempted murder and kidnapping charges were ordered to run consecutively to each other and all the other counts were ordered to run concurrently, for an aggregate term of forty years imprisonment.  Dkt. No. 8-14 at 408-11 (Sentencing Transcript 17-19).  In New York, a court may impose consecutive sentences where the crimes committed constituted separate acts.  *See* Penal Law § 70.25; *People v. Laureano*, 87 N.Y.2d 640, 643 (1996) ("sentences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other").

A person is guilty of Kidnapping in the Second Degree "when he abducts another person." Penal Law § 135.20.  In contrast, a person is guilty of Attempted Murder in the Second Degree when he attempts,[3] with the intent to cause the death of another person, to cause the death of such person.  Penal Law §§ 110/125.25(1). Thus, in neither of these crimes did a single act constitute both offenses, or a single act constitute one of the offenses and a material element of the other.  *See People v. May*, 263 A.D.2d 215, 221 (3d Dept. 2000) (finding consecutive sentences for attempted murder and kidnapping to be proper).  Accordingly, under New York law, it was proper for the court to impose consecutive sentences.

Considering the brutality of the crime, the sentence was fair and proper.  Moreover, the sentence did not constitute cruel and unusual punishment.  *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (holding that a state prisoner who was sentenced within the limits of the state law does not present a federal constitutional issue for *habeas* purposes) (citing *Underwood v. Kelly*, 692 F. Supp. 146 (E.D.N.Y. 1988), *aff'd mem.*, 875 F.2d 857 (2d Cir. 1989)); *see also Jackson v. Lacy*,

---

[3]  A person is guilty of an attempt to commit a crime when "with the intent to commit a crime, he engages in conduct which tends to effect the commission of such crime."  Penal Law § 110.00.

74 F. Supp. 2d 173, 181 (N.D.N.Y. 1999) (McAvoy, C.J.) ("[i]t is well-settled . . . that a prisoner may not challenge the length of a sentence that does not exceed the maximum set by state law"); *People v. Jones*, 39 N.Y.2d 694, 697 (1976) ("Regardless of its severity, a sentence of imprisonment which is within the limits of a valid statute ordinarily is not a cruel and unusual punishment in the constitutional sense").

Accordingly, Petitioner's sentence was proper under New York State's sentencing scheme. Therefore, his sentencing claims should be denied.

## B.      Unexhausted Claims

Respondent argues that Petitioner failed to exhaust certain claims and that the Court should deem those claims exhausted and procedurally barred. *See* Dkt. No. 6 at 11-13, 33-37. Respondent refers to the following claims: (1) the evidence was legally insufficient to establish that the kidnapping charge was a separate offense from the other crimes; (2) the trial court improperly permitted evidence of his flight and failed to instruct the jury in this regard; and (3) Petitioner was denied effective assistance of trial counsel. *Id.* The claims will be examined in turn.

### 1.      Merger of Kidnapping Conviction

Petitioner claims that the evidence was legally insufficient to establish that the kidnapping charge was a separate offense from the other crimes. Dkt. No. 1 at 9-10. Respondent argues that this claim is procedurally barred and that the Appellate Division properly rejected this claim. Dkt. No. 6 at 18-22.

On direct appeal, Petitioner raised the same claim. Ex. A at 22-25. The Appellate Division rejected this claim, finding the claim unpreserved. *Rosado*, 26 A.D.3d at 533 (citations omitted). The Court added that "[e]ven if it had been properly preserved, the argument would be rejected

16

since the restraint of the victim that night 'was not a minimal intrusion necessary and integral to the other crimes committed against her, nor was it simultaneous and inseparable from these other crimes.  It was a crime in itself." *Id.* (citations omitted).  This determination was not contrary to, or did not involve an unreasonable application of, clearly established Supreme Court law.

Generally, a federal court may not reach the merits of a petitioner's habeas claim if the state courts' rejection of the petitioner's federal claim rested "on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman*, 501 U.S. at 729.  "To determine whether a state procedural bar is adequate to support the judgment, a federal *habeas* court should look to whether the state rule at issue is firmly established and regularly followed." *Clark v. Perez*, 510 F.3d 382, 391 (2d Cir. 2008).  New York's contemporaneous objection rule is a procedural rule that is "firmly established and regularly followed." *Garvey v. Duncan*, 485 F.3d 709, 714-15, 718 (2d Cir. 2006).  The failure to object at trial on a specific ground "results in a procedural bar unless application of the state rule is exorbitant." *Texidor v. Artus*, No. 06 Civ. 7173, 2007 WL 1982271, at *4 (S.D.N.Y. July 10, 2007).

The Second Circuit has identified three factors to be considered when evaluating the application of a state procedural bar in the context of the contemporaneous objection rule, including whether 1) "perfect compliance with the rule would have changed the trial court's decision;" 2) state case law indicated that compliance with the rule was required in the specific circumstances; and 3) the petitioner "substantially complied" with the rule given the "realities of the trial." *Garvey*, 485 F.3d at 719-20 (quoting *Lee v. Kenna*, 534 U.S. 362, 381-85 (2002)); *see also Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003).

Here, the Appellate Division's application of the procedural bar was reasonable.  New York

law requires a specific, contemporaneous objection for an argument to be preserved for appellate review.  *See* N.Y. C.P.L. § 470.05(2); *People v. O'Connor*, 21 A.D.3D 1364, 1365 (N.Y. App. Div. 2005) (finding that claim that kidnapping charge was barred by merger doctrine was unpreserved); *People v. Gray*, 86 N.Y.2d 10, 19 (N.Y. App. Div. 1995) (same).  If counsel objected to the charges, the trial court would have been afforded a timely opportunity to consider the objection before the issue was raised on appeal.  *See Garvey*, 485 F.3d at 715-16.  Thus, the Appellate Division's application of the state procedural bar constitutes an independent and adequate state ground for the Appellate Division's holding.  *Id.*

This court may review the procedurally barred claim only if Petitioner demonstrates cause for the default and resulting prejudice, or a "fundamental miscarriage of justice."  *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Coleman v. Thompson*, 501 U.S. 722, 748-750 (1991). Petitioner offers no explanation for the failure to fairly present his objection to the trial court.  In sum, Petitioner has not shown cause and prejudice.  Accordingly, Petitioner's claim should be denied on the basis that the claim is procedurally barred from this Court's review by an independent and adequate state law ground.

### 2.      Evidence of Petitioner's Flight, Testimony Regarding Gang Affiliation, and Uncorroborated Testimony of an Accomplice

Petitioner claims that the trial court improperly permitted evidence of his flight and failed to instruct the jury regarding the ambiguity of such evidence.  Dkt. No. 1 at 19-21.  Petitioner also claims that the testimony regarding his gang affiliation denied him a fair trial.  *Id.* at 22-23. Petitioner further claims that he was denied a fair trial when the court permitted the prosecution to elicit uncorroborated testimony of an accomplice.  *Id.*  24-26.

Respondent argues that these claims are procedurally barred.  Dkt. No. 6 at 25-28.

Respondent points out that these claims were rejected by the Albany County Court on Petitioner's

§440 motion, holding that these claims were record-based and should have been brought on direct

appeal.  Ex. I.

Here, the County Court's application of the procedural bar was reasonable.  The Court found

that Petitioner's claims were record-based and that he unjustifiably failed to raise them on direct

appeal, citing N.Y. C.P.L. § 440.10(2)(c).[4]  Ex. I at 2-3.  Habeas courts have repeatedly found that

C.P.L. § 440.10(2)(c) amounts to an independent and adequate state bar serving to preclude habeas

review.  *Serrano v. Senkowski*, 2004 U.S. Dist. LEXIS 18936, * 35-36 (S.D.N.Y. Sept. 23, 2004);

*Estwick v. Walker*, 2004 U.S. Dist. LEXIS 9191, *15-22 (S.D.N.Y. May 24, 2004); *Smith v. Artuz*,

2004 U.S. Dist. LEXIS 6226, *43-47 (S.D.N.Y. April 14, 2004).  Thus, the County Court's

application of the state procedural bar constitutes an independent and adequate state ground for the

County Court's holding.  *Id.*

This Court may review the procedurally barred claim only if Petitioner demonstrates cause

for the default and resulting prejudice, or a "fundamental miscarriage of justice."  *Calderon v.*

*Thompson*, 523 U.S. 538, 559 (1998); *Coleman v. Thompson*, 501 U.S. 722, 748-750 (1991).

Petitioner offers no explanation for his failure to fairly present his objections to the trial court.  In

sum, Petitioner has not shown cause and prejudice.  Accordingly, Petitioner's claims should be

denied on the basis that the claims are procedurally barred from this Court's review by an

independent and adequate state law ground.

---

[4]  The decision cites N.Y. C.P.L. § 440.10(a), (c).  Ex. I at 3.  However, it is clear from the
language that the court is referring to N.Y. C.P.L. § 440.10(2)(c).

### 3.        Effectiveness of Trial Counsel

Petitioner argues that he was denied effective assistance of trial counsel when counsel failed
to object to the prosecutor's presentation of "illegal evidence."  Dkt. No. 1 at 28-30.  Respondent
points out that this claim was rejected by the Albany County Court, holding that this claim was
record-based and should have been brought on direct appeal.  Dkt. No. 6 at 35-39 (citing Exhibit I).

Here, the County Court found that Petitioner's claims were record-based and that he had
unjustifiably failed to raise them on direct appeal, citing N.Y. C.P.L. § 440.10(2)(c).[5]  Ex. I at 2-3.
The denial of a record-based ineffective assistance of counsel claim under C.P.L. § 440.10(2)(c)
rests upon an independent and adequate state ground and federal review of the claim is barred.  *See
Murden v. Artuz*, 497 F.3d 178, 196 (2d Cir. 2007)("Where the basis for a claim of ineffective
assistance of counsel is well established in the trial record," as was the case here, "a state court's
reliance on subsection [440.10](2)(c) provides an independent and adequate procedural bar to
federal habeas review."), *cert. denied* 552 U.S. 1150 (2008); *Sweet v. Bennett*, 353 F.3d 135, 139-40
(2d Cir. 2003) (noting that section 440.10(2)(c) acts as an independent and adequate state ground
barring federal habeas review of ineffective assistance of counsel claim where the basis of a Sixth
Amendment issue, regarding counsel's failure to adequately preserve an issue for appeal, involves
alleged errors well established in the trial record); *Edwards v. Mazzuca*, No. 00-Civ. 2290, 2007 WL
2994449, at *17 (S.D.N.Y. Oct. 15, 2007) (claims that trial counsel failed to put forth a defense and
to cross-examine witnesses properly are record-based claims that must be raised on direct appeal
and not in a section 440.10 motion); *Alston v. Donnelly*, 461 F. Supp. 2d 112, 123 (W.D.N.Y.

_____

[5]  The decision cites N.Y. C.P.L. § 440.10(a), (c).  Ex. I at 3.  However, it is clear from the
language that the court is referring to N.Y. C.P.L. § 440.10(2)(c).

2006)("the well-settled rule that where the record is sufficient to allow appellate review of a claim, the failure to raise that claim on appeal precludes subsequent collateral review of the claim, applies to bar collateral review where the facts underlying an ineffective assistance claim appear on the record.") (collecting cases).

This Court may review these procedurally barred claims only if Petitioner demonstrates cause for the default and resulting prejudice, or that the failure of the federal court to review the claim will result in a "fundamental miscarriage of justice" i.e., that the petitioner is innocent. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Coleman v. Thompson*, 501 U.S. 722, 748-750 (1991). Neither cause nor prejudice is apparent on the record before the Court. Although Petitioner claims that the evidence was insufficient to support his convictions, he has not presented any new, credible evidence that he is "actually innocent" of the crimes for which he was convicted. *See Schulp*, 513 U.S. at 327; *Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004), *cert. denied* 546 U.S. 961 (2005); *Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003). Accordingly, Petitioner's record-based ineffective assistance of counsel claims are procedurally defaulted and habeas review of them should be precluded.

## C.    Certificate of Appealability

Finally, the Court notes that 28 U.S.C. § 2253(c)(1) provides in relevant part that,

> [u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court ....[6]

---

[6] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability

28 U.S.C. § 2253(c)(1).

A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Since Petitioner has failed to make such a showing, I recommend that no Certificate of Appealability issue.

**WHEREFORE**, based upon the foregoing, it is hereby

**RECOMMENDED**, that the petition for a writ of habeas corpus (Dkt. No. 1) be **DENIED** and **DISMISSED**.  Furthermore, I find that Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied*, 531 U.S. 873.  Therefore, I recommend that no certificate of appealability issue with respect to any of Petitioner's claims; and it is further

**RECOMMENDED**, that the Clerk serve copies of the electronically-available-only opinions cited herein on Petitioner.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

---

under 28 U.S.C. § 2253(c)."  *See* Fed. R. App. P. 22(b).

Dated: March 10, 2011
      Syracuse, New York

George H. Lowe
United States Magistrate Judge